UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FRIENDS OF MERRYMEETING BAY, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) Docket no. 2:11-cv-38-GZS |
| v. | )<br>) |
| NEXTERA ENERGY RESOURCES, LLC, et al., | )<br>)<br>) |
| Defendant. | ) |

**ORDER ON MOTIONS IN LIMINE**

Before the Court are three motions in limine submitted by Defendants NextEra Energy Resources, LLC, NextEra Energy Maine Operating Services, LLC, FPL Energy Maine Hydro LLC, and the Merimil Limited Partnership (collectively, "Defendants") in conjunction with cross-motions for summary judgment filed by the parties in this case. The Court will briefly address the motions in limine below.

**I.      Motion In Limine To Preclude Testimony And Reports of Dr. Jeffrey A. Hutchings**

Defendants have moved to exclude the testimony of Dr. Jeffrey A. Hutchings, Plaintiffs' expert witness, pursuant to Federal Rule of Evidence 702. (Defs.' Mot. And Incorporated Mem. Of Law To Preclude Test. And Reports Of Pls.' Expert, Jeffrey Hutchings (ECF No. 93) ("Defs.' Mot. To Exclude Dr. Hutchings").) Rule 702 provides: "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. The Court serves as the gatekeeper for the admission of expert testimony and, absent proper qualifications and foundation, an expert's testimony is inadmissible as a matter of law. United

States v. Diaz, 300 F.3d 66, 73 (1st Cir. 2002). The First Circuit has held that, before admitting expert testimony, a Court must determine: (1) whether the expert is qualified by knowledge, skill, experience, training or education; (2) whether the proffered testimony concerns scientific, technical or other specialized knowledge; and (3) whether the proffered testimony will assist the trier of fact in understanding or determining a fact in issue. Correa v. Cruisers, 298 F.3d 13, 24 (1st Cir. 2002).

Defendants challenge the third-prong of the First Circuit's test, arguing that Dr. Hutchings' testimony will not assist the trier of fact because his population model for Atlantic salmon and resulting opinions "rest on a mathematical model which, even if constructed from scientifically viable equations, was applied with such disregard of the facts on the ground as to render it unreliable, erroneous, and, because it does not accurately model the conditions in the Merrymeeting Bay [Salmon Habitat Recovery Unit], irrelevant." (Defs.' Mot. To Exclude Dr. Hutchings at 3.) Defendants do not challenge the mathematical model used by Dr. Hutchings but instead argue that he omitted a large and significant population of wild fish: those that are descended from the eggs planted in the Salmon Habitat Recovery Unit. Accordingly Defendants take issue with the underlying data and conclusions drawn from that data.

Having reviewed Dr. Hutchings' reports, as well as his testimony, the Court is satisfied that this evidence meets the requirements of Rule 702 for the purposes of the cross-motions for summary judgment. The Court finds that Defendants' objections "go to the weight of the proffered testimony, not to its admissibility" for purposes of Rule 702. Crowe v. Marchand, 506 F.3d 13, 18 (1st Cir. 2007). At this point, the Court believes that Defendants' arguments are best addressed at trial with question-specific objections and "the adversary process" of "competing expert testimony and active cross-examination." Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.,

161 F.3d 77, 85 (1st Cir. 1998). Accordingly, Defendants' Motion To Preclude Testimony And Reports of Jeffrey Hutchings (ECF No. 93) is DENIED WITHOUT PREJUDICE. Nothing in this ruling is intended to limit the parties' ability to renew any objections related to the admissibility of this expert's testimony at trial.

## II. Motion In Limine To Preclude The Testimony And Reports Of And Randy Bailey

Defendants have moved to exclude the testimony of Plaintiffs' expert, Randy Bailey. (Defs.' Mot. And Incorporated Mem. Of Law To Preclude Test. And Reports Of Pls.' Expert Randy Bailey (ECF No. 91) ("Defs.' Mot. To Exclude Bailey").) Defendants challenge the testimony of Mr. Bailey in the context of asserting that Plaintiffs must show that the Atlantic salmon species will recover in order for Plaintiffs to establish standing to pursue the present action. (Defs.' Mot. To Exclude Bailey at 10-11.) Defendants also mention Mr. Bailey's testimony in asserting that Plaintiffs must show harm to Atlantic salmon on the species-wide level before any injunction may issue. (Id. at 12.) As discussed in the Court's Order On Cross-Motions For Summary Judgment, Plaintiffs need not meet either of those high bars.

Plaintiffs cite Mr. Bailey's entire 140-page report in suggesting that that the conclusions of the White Papers are consistent with his report. (Pls.' Mot. For Partial Summ. J. And Mem. Of Law In Supp. Of Mot. For Partial Summ. J. (ECF No. 94) at 15 n.23.) However, the Court does not have an independent obligation to search a 140-page report. See Local Rule 56(f).

Accordingly, it was not necessary for the Court to decide Defendants' Motion To Exclude Bailey to resolve the pending cross-motions for summary judgment. Accordingly, Defendants' Motion To Exclude Expert Randy Bailey (ECF No. 91) is DENIED WITHOUT PREJUDICE. Defendants are free to renew objections related to the admissibility of this expert testimony at trial.

### III.     Motion In Limine To Preclude The Testimony And Reports Of Maximilian Chang

With regard to the Motion To Preclude Testimony And Reports Of Plaintiffs' Expert Witness, Maximilian Chang With Incorporated Memorandum Of Law (ECF No. 92), as Defendants readily admit, the testimony of Mr. Chang is not relevant to the cross-motions for summary judgment currently before the Court. (See Defs.' Mot. For Summ. J. With Incorporated Mem. Of Law (ECF No. 88) at 4 n.6 ("Mr. Chang's report was limited to analysis of economic issues and is not relevant to this summary judgment motion.").) Accordingly, that Motion is DENIED WITHOUT PREJUDICE. Defendants are free to renew any objections to the admissibility of this expert testimony at trial.

SO ORDERED.

                                                           /s/ George Z. Singal
                                                           United States District Judge

Dated this 14th day of January, 2013.